## Case No. 9,580.
### MILLER v. LINDSEY et al.
[1 McLean, 32.] [1]

Circuit Court, D. Ohio. July Term, 1829.[2]

GRANTS—VIRGINIA MILITARY DISTRICT — CESSION —SUBSEQUENT PATENT — STATUTE OF LIMITATIONS — AGAINST GOVERNMENT — VOID SURVEYS.

1. Subsequently to the cession of the Virginia military district, the state of Virginia had no right to issue a patent for land within it.

2. The statute of limitations does not run against the government, but against a title where the possession is held adversely.

3. The act of 1807 [2 Stat. 424], which prohibits entries from being made on lands which had been surveyed or patented, does not protect void surveys or patents.

[This was an action in ejectment by Thomas B. Miller against Stephen Lindsey and others.]

Mr. Leonard, for plaintiff.
Mr. Caswell, for defendants.

OPINION OF THE COURT. This ejectment is brought to recover possession of 450 acres of land, within what is called the Virginia military district. The defendants are proved to be in possession of the land claimed by the lessors of the plaintiff. To sustain the plaintiff's right, a patent dated the 1st December, 1824, founded on an entry and survey, is given in evidence. The defendants offered in evidence a patent issued by the commonwealth of Virginia, dated March,

[1] [Reported by Hon. John McLean, Circuit Justice.]
[2] [Affirmed in 6 Pet. (31 U. S.) 666.]

1789, to Richard C. Anderson, for the same land, which the court overruled, on the ground that the state of Virginia, subsequently to the cession of this district of country, had no power to appropriate any part of it, or to give a patent for the same. An entry and survey of the same lands, made in January, 1783, which were duly recorded, were then given in evidence by the defendants, and they offered evidence conducing to prove a possession of more than thirty years.

To do away the effect of this evidence, the plaintiff gave in evidence the warrant on which the defendant's entry and survey were made, with proof tending to prove that the services for which the warrant was granted, were in the Virginia state line, and not in the continental line. Indeed, this appears on the face of the warrant. And the question of law is made to the court, whether an uninterrupted possession of more than twenty-one years, under the circumstances of the case, does not constitute a bar to the plaintiff's right of action. Possession to operate as a bar, must be adverse to the right asserted. The right of the plaintiff in this case, it appears, originated in 1824; so that the adverse possession can only be counted from that time. Less than twenty-one years' possession does not constitute a bar; and it is very clear that the statute cannot run against the government. This district of country was ceded by Virginia to the federal government, for the express purpose of satisfying claims of the Virginia troops, for services on continental establishment; after the good lands in certain other districts, should be exhausted. By the cession, this district was placed under the jurisdiction of congress, subject to the trust specified; and patents for lands within it, emanated from the federal government. But at no time were the lands in the district, subject to appropriation by warrants issued by Virginia for services in her state line.

In an act passed by congress the 2nd March, 1807, to extend the time for locating military warrants in this district, and for other purposes, it is provided, "that no locations within the above mentioned tract, shall, after the passage of that act, be made on tracts of land for which patents had been previously issued, or which had been previously surveyed; and any patent obtained contrary to the provisions of that act, was declared to be null and void." The entry set up by the defendants was made in 1783, and the cession of this district in 1784; so that the entry was prior to the cession. But it is not pretended that at the time this entry was made, the warrant authorized it. Provision was made by Virginia elsewhere for the satisfaction of warrants issued for state services. The act of 1807 was designed to protect irregularities in surveys, but not to give effect to void ones. In the case of Taylor v. Myers, 7 Wheat. [20 U. S.] 23, the court decided that this act did not protect a survey

where the entry had been withdrawn. The warrant under which this entry was made gave no authority to the holder to make it. He might as well have assumed the right of making the entry without any warrant. And that a survey unsupported by an entry does not come within the law, is clear, from the case above cited. It appears, therefore, that the defendants cannot legally resist the right of the plaintiffs, under their patent, by pleading the statute of limitations, or under the law of 1807.

The jury found a verdict of guilty against the defendants, on which the court entered a judgment.

This case was taken to the supreme court by a writ of error, and the judgment of the circuit court was affirmed. 6 Pet. [31 U. S.] 666.